[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15877
Non-Argument Calendar

_____

D. C. Docket No. 03-00022-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON NETTLES,
a.k.a. Sharon Lewis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(June 27, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

On January 20, 2004, appellant pled guilty to conspiracy to possess more

than 15 counterfeit access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3), and the district court, on June 24, 2004, sentenced her to prison for 125 months. She appealed, and we vacated her sentence, and remanded the case for resentencing, because the court, prior to imposing sentence, failed to give her notice of its intent to fashion a sentence above the sentence range prescribed by the Guidelines, i.e., 18-24 months imprisonment. Uhited States v. Nettles, No. 04-13669 (decided March 31, 2005).

On remand, the court held a new sentencing hearing, and imposed the same sentence without making reference to an "upward departure." This appeal challenges that sentence.

Appellant asks that we vacate her sentence and remand the case for resentencing on three grounds: (1) United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), barred the court from departing upward from the Guidelines sentence range; (2) the court once again failed to give appellant advance notice of its intent to depart upward; and (3) the court erred in ordering restitution in an amount greater than that relating to the offense of conviction and the parties' oral stipulation.

Appellant's first point is meritless. Booker instructs that the district courts treat the Guidelines as discretionary, rather than mandatory, and after consulting

the Guidelines, consider the sentencing objectives set out in 18 U.S.C. § 3553(a). In this case, the district court did precisely as <u>Booker</u> instructs.

Appellant's second point lacks merit because appellant well knew that the court would depart upward from the Guidelines sentence range. If there was error, it was clearly harmless.

Appellant's third point also lacks merit. In the plea agreement appellant made with the Government, she waived the right to appeal her sentence "except in the case of an upward departure from the guidelines pursuant to [U.S.S.G. §§] 5K2.0 and 4A1.3 and any claim of ineffective assistance of counsel," which is not implicated here. At the Fed. R. Crim. P. 11 hearing, the court determined that appellant executed this waiver freely and voluntarily. It therefore bars her attack on the court's restitution order.

AFFIRMED.

3